DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed June 25, 2008, requesting that Plaintiff's Complaint be dismissed. Defendant disputes Plaintiff's request that it "correct clerical errors" of real market value and real market exception value for Plaintiff's property identified as Tax Account R219260 for tax year 2004-05. (Def's mot at 1.) Defendant alleges that the court has no jurisdiction to hear Plaintiff's appeal for tax year 2004-05 because "it is beyond the reach of the court's jurisdiction per ORS 305.288." (Id.) Defendant also alleges that Plaintiff's requested relief for "an adjustment in the Maximum Assessed Value" for tax years 2005-06, 2006-07 and 2007-08 "is contrary to [ORS]308.146." (Id.)
Oral argument and testimony were presented via telephone on Tuesday, September 16, 2008. Plaintiff appeared on his own behalf. Leslie Cech, Appraiser — Residential Supervisor, appeared on behalf of Defendant. Richard Sanderman (Sanderman), Chief Appraiser, testified on behalf of Defendant.
Plaintiff alleges that Defendant committed a "correctable error" in 2004 when Defendant concluded that the subject property's basement was finished when it was not finished. (Ptf's Ltr at 1, June 23, 2008.) Plaintiff states that, because "Defendant utilizes a computer program that *Page 2 
provides valuation output based on discrete inputs, in this case `finished' or `unfinished' basement," a "change in valuation from finished basement to unfinished basement for the subject property will yield a consistent and measurable result, eliminating the chance for the assessor or the department to arrive at a different opinion of value." (Id. at 2.)
Defendant alleges that if there was an error in 2004 it "was a result of appraisal judgement." (Def's Ltr at 1, June 18, 2008.) Sanderman testified that to determine the real market value of the subject property's basement, the appraiser used his judgment to determine the depreciable condition ("75 percent good)," a "stage completion" of 74 percent, and an "excellent condition" of the basement at the close of the construction. (Def's Ex E.) He testified that, contrary to the improvement description, "fin bsmt," the appraiser's estimate of value is based on a 74 percent stage of completion, not 100 percent complete. (Id.)
An assessor may correct a clerical error. ORS 311.205(1)(a).[1] A clerical error "is an error on the roll which either arises from an error in the ad valorem tax records of the assessor, * * * and which, had it been discovered by the assessor * * * prior to the certification of the assessment and tax roll of the year of assessment would have been corrected as a matter of course, and the information necessary to make the correction is contained in such records." Id. (emphasis added). Plaintiff asserts that Defendant could change the improvement description from finished to unfinished and using its computer program compute the correct value for the subject property's basement.[2]
Unfortunately, as Sanderman explained, it is not that easy. There is *Page 3 
no dispute that Defendant's appraiser visited the subject property in 2004 and in 2006. At the time the basement was added to the tax roll in tax year 2004-05, the appraiser determined the percent of completion, depreciable condition, and expected quality of the improvement at the time of completion. Each of those items was based on the appraiser's subjective judgment at or close to the time of his site visit. There is no evidence in the appraiser's record to explain the basis for the appraiser's determination, and, therefore, there is nothing in the record "necessary to make the correction." ORS 311.205(1). No evidence to the contrary was submitted to the court. Lacking sufficient information in the assessor's records, the assessor could not correct the error, if any, because it fails to meet the statutory definition and requirements of a clerical error.
Defendant alleges that ORS 311.205 clearly states that an action by the assessor to correct a clerical error is not mandated by statute: "the officer * * * may correct a clerical error." (Emphasis added.) Defendant is correct. If the statutory requirements were met including "information necessary to make the correction" was "contained in such records," the court could then determine whether, in deciding not to correct the clerical error, Defendant abused its discretion. In this case, the evidence does not show that there was sufficient information in the assessor's records to make a correction. The court cannot reach the issue of abuse of discretion.
Plaintiff presented no evidence to support his request that the court order a change in value of the subject property for tax years 2005-06, 2006-07, and 2007-08. *Page 4 
After careful consideration of the testimony and evidence, the court concludes that Plaintiff is incorrect in his belief that Defendant's records are sufficient to correct its appraiser's error, if any. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onOctober 31, 2008. The Court filed and entered this document on October31, 2008.
[1] Unless otherwise stated, references to the Oregon Revised Statutes (ORS) are to 2003.
[2] According to Plaintiff, Defendant did change the improvement description in 2006-07 from "fin bsmt" to "unf bsmt." (Ptf's Compl at 3.) Even though that change suggests that "had it been discovered by the assessor * * * prior to certification of the assessment and tax roll of the year of assessment [it] would have been corrected as a matter of course," there is no evidence to show that the necessary information to make the change in tax year 2004-05 was contained in Defendant's records. ORS 311.205(1)(a). *Page 1